MOHAMMED I. ABDULLA, STATE BAR NO. 216225
LAW OFFICES OF MOHAMMED I. ABDULLA
17821 E. SEVENTEENTH STREET, SUITE 193
TUSTIN, CA 92780
Telephone: (714) 717-3795
Fax: (714) 544-1206

Attorney for Defendants
OMAR ALI RIZVI, BELLWEATHER VENTURE CAPITAL
FUND I, INC., and STRATEGY PARTNERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS, PLANO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISION,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR ALI RIZVI, BELLWEATHER VENTURE CAPITAL FUND I., INC., and STRATEGY PARTNERS, LLC<br><br>Defendants. | CASE NUMBER: 4:09-CV-371<br>JURY<br><br>**ANSWER TO COMPLAINT** |

Defendants OMAR ALI RIZVI ("Rizvi"), BELLWEATHER VENTURE CAPITAL FUND, INC. ("Bellweather"), and STRATEGY PARTNERS, LLC ("Strategy") (collectively, each of the defendants are "Defendants"), by and through their counsel of record, hereby answer or otherwise responds to Plaintiff Securities and Exchange Commission's ("SEC") Complaint as follows. As to any allegation not specifically admitted, Defendants deny the allegation.

**Summary**

1. Regarding the allegations in ¶ 1, Defendants deny that this case involves a fraudulent, unregistered securities offering made by Defendants. Defendants further deny that

this case involves misrepresentations or omissions of certain disclosures. Rizvi further denies that this case involves misappropriation and misapplication of offering proceeds.

2. The allegations in ¶ 2 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

**Jurisdiction and Venue**

3. The allegations in ¶ 3 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

4. The allegations in ¶ 4 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

5. The allegations in ¶ 5 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

6. Regarding the allegations in ¶ 6, Defendants deny that venue is proper and further deny that the transactions, acts, practices, and courses of business described in the Complaint occurred within the jurisdiction of the Eastern District of Texas.

**Parties**

7. The allegations in ¶ 7 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

8. Rizvi denies that he is 40 years old or that he resides at 2205 Simplicity Drive, Irvine, California.

9. Bellweather admits that its principal place of business was Irvine, California. Defendants further believe that Plaintiff unwittingly and in error misspelled Irvine as "Irving."

10. Strategy admits that its principal place of business was Newport Beach, California.

**Statement of Facts**

11. Rizvi admits that he completed law school and received a Masters of Law degree in Securities and Financial Regulation in 1993 from Georgetown University Law School. Rizvi further admits that he practiced law from 1993 to 2001. Except as otherwise admitted, Rizvi denies the allegations in ¶ 11.

12. Rizvi admits that he voluntarily surrendered his law license in 2001. Rizvi further admits that he entered a plea agreement resulting in several felony convictions. Except as otherwise admitted, Rizvi is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in ¶ 12.

13. Defendants admit that Bellweather was once called Landmark Microcap Fund, Inc., Rhino Microcap Fund, Inc., and Tiger Fund, Inc., prior to being called Bellweather Venture Cap Fund, Inc. Rizvi admits that he operated as a management advisor to Bellweather through Strategy and further admits that he developed Bellweather to operate as a business development company and that Bellweather's operation were co-managed with a SEC Registered Investment Advisor. Bellweather admits that it has never been registered with the Commission as an investment company pursuant to Section 8 of the Investment Company Act nor has it filed a registration statement with the SEC under Section 12 of the Exchange Act.

14. Rizvi admits that he formed Strategy on or around June 2002 and has controlled the company since its inception. Except as otherwise admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in ¶ 14.

15. Defendants admit that a Bellweather Offering Circular was filed in compliance with Regulation E of the Securities Act of 1933. Except as otherwise admitted, the allegations in ¶ 15 are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations.

16. Bellweather admits that it did not file a registration statement under Section 12 of the Exchange Act. Except as otherwise admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in ¶ 16.

17. Defendants admit that Bellweather raised approximately $1,873,385 from at least 173 investors throughout the United States. Defendants deny that Strategy or Rizvi employed a team of sales persons. Except as otherwise admitted or denied, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in ¶ 17.

    18.    Defendants deny the allegations in ¶ 18.

*The Misleading Statements and Misapplication of Offering Proceeds*

    19.    Defendants deny the allegations in ¶ 19 and further deny that this case involves false or misleading statements.

    20.    Defendants deny the allegations in ¶ 20.

    21.    Defendants admit that they caused to be filed an offering circular referred to in ¶ 21, the statements contained therein speak for themselves. Defendants admit that the offering circular did not disclose Rizvi's criminal convictions.

    22.    Defendants deny the allegations in ¶ 22.

    23.    Defendants deny the allegations in ¶ 23.

    24.    Defendants admit that they caused to be filed an offering circular referred to in ¶ 24, the statements therein speak for themselves. Except as otherwise admitted, Defendant deny the allegations in ¶ 24.

    25.    Defendants deny the allegations of ¶ 25.

    26.    Defendants deny the allegations of ¶ 26.

    27.    Defendants deny the allegations of ¶ 27.

## FIRST CLAIM

### Violations of Section 5(a) and 5(c) of the Securities Act

    28.    Defendants incorporate by reference their responses to ¶¶ 1-27, *supra*, as though set forth fully herein.

    29.    The allegations of ¶ 29 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

    30.    The allegations of ¶ 30 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

31. The allegations of ¶ 31 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

### SECOND CLAIM

### Violations of Section 17(a) of the Securities Act

32. Defendants incorporate by reference their responses to ¶¶ 1-27, *supra*, as though set forth fully herein.

33. The allegations in ¶ 33 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

34. The allegations in ¶ 34 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

35. The allegations in ¶ 35 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

36. The allegations in ¶ 36 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

37. Defendants incorporate by reference their responses to ¶¶ 1-27, *supra*, as though set forth fully herein.

38. The allegations in ¶ 38 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

39. The allegations in ¶ 39 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

40. The allegations in ¶ 40 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

41. The allegations in ¶ 41 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

## FOURTH CLAIM

### Violations of Section 15(a)(1) of the Exchange Act

42. Defendants incorporate by reference their responses to ¶¶ 1-27, *supra*, as though set forth fully herein.

43. The allegations in ¶ 43 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

44. The allegations in ¶ 44 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

45. The allegations in ¶ 45 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

## FIFTH CLAIM

### Violations of Section 7(a) of the Investment Company Act

46. Defendants incorporate by reference their responses to ¶¶ 1-27, *supra*, as though set forth fully herein.

47. The allegations in ¶ 47 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

48. The allegations in ¶ 48 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

49. The allegations in ¶ 49 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations as they apply to them.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the allegations set forth in the Complaint.

### First Affirmative Defense
### (Improper Venue)

Venue in this case is improper because none of the acts alleged in this Complaint took place in the Eastern District of Texas. The Complaint alleges that Defendants were all headquartered in Southern California. Of the 173 investors stated in ¶ 1 of the Complaint, an overwhelming majority are located in California. Hence nearly all the witnesses anticipated in this matter are located in California.

### Second Affirmative Defense
### (Failure to State a Claim)

The Complaint, and each of the purported claims against Defendants, fails to state a claim upon which relief can be granted.

### Third Affirmative Defense
### (Lack of Materiality)

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

### Fourth Affirmative Defense
### (Reliance on SEC Examining Attorneys)

Defendants are not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of Plaintiff's examining attorneys at the time of the alleged acts as to

matters which they reasonably believed to be within such persons' professional or expert competence.

### Fifth Affirmative Defense

**(Good Faith)**

Defendants at all times acted in good faith and with good cause.

### Sixth Affirmative Defense

**(Reliance on Legal Professionals)**

Defendants are not liable for Plaintiff's claims because they relied in good faith upon the professional judgments of their legal professionals at the time of the alleged acts as to matter which he reasonably believed to be within such persons' professional or expert competence.

### Seventh Affirmative Defense

**(Statute of Limitations)**

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

### Eighth Affirmative Defense

**(Injunctive Relief Not Warranted)**

Plaintiff's claims for injunctive relief are barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any violation will be repeated. Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

### Tenth Affirmative Defense

**(Penalties Not Warranted)**

Plaintiff's claim for penalties is barred because any alleged violation was isolated and/or unintentional.

///
///
///
///

**Eleventh Affirmative Defense**

**(Waiver)**

Defendants are informed and believe, and on that basis allege, that as a result of Plaintiff's acts, conduct and omissions, Plaintiff waived its right to assert each and every purported cause of action contained in the Complaint, in whole or in part.

By alleging these defenses, Defendants do not allege or admit that he has the burden of proof and/or persuasion with respect to any of these matters. Defendants presently lack sufficient knowledge or information to determine whether additional affirmative defenses may be available. Accordingly, Defendant reserves his right to assert additional affirmative defenses in the event that discovery reveals that they are appropriate.

**PRAYER**

WHEREFORE, Defendants pray that judgment in his favor be entered as follows:

1. that Plaintiff take nothing by reason of its Complaint and that judgment be rendered in favor of Defendants;
2. that Defendants be awarded expenses incurred in defense of this action; and
3. that Defendants be granted such other and further relief as the Court deems appropriate.

**JURY DEMAND**

Defendants request a trial by jury on all aspects of this case so triable.

///
///
///
///
///
///
///
///
///

1 | Respectfully submitted,

2 | DATED:  September 24, 2009     /s/ Mohammed I. Abdulla

By:  Mohammed I. Abdulla
Attorney for Defendants OMAR ALI RIZVI, BELLWEATHER CAPITAL VENTURE FUND, INC., and STRATEGY PARTNERS, LLC
California State Bar Number:  216225
17821 E. 17th Street, Ste. 193
Tustin, CA 92780
(714) 544-4209 (phone)
(714) 544-1206 (fax)
mohammed.abdulla@cox.net

-10-

ANSWER TO COMPLAINT